JASON H. LEE (Cal. Bar No. 253140)
leejh@sec.gov
JASON M. BUSSEY (Cal. Bar No. 227185)
busseyja@sec.gov
ALICE L. JENSEN (Cal. Bar No. 203327)
jensena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 700
San Francisco, CA 94104
(415) 705-2500

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NAC Foundation, LLC and ROWLAND MARCUS ANDRADE,<br><br>Defendants. | Case No. 3:20-cv-4188-RS<br><br>STATUS REPORT AND [~~PROPOSED~~] ORDER<br><br>Courtroom: 3, 17th Floor<br>Judge: Richard Seeborg |

Pursuant to the Court's January 21, 2021 Order that the Parties file a request for a status hearing "within 30 days after resolution of the District Court criminal proceeding" against Defendant Rowland Marcus Andrade (ECF No. 29), Plaintiff Securities and Exchange Commission ("SEC") provides the following status report:

The SEC filed its Complaint in this matter on June 25, 2020 (ECF No. 1) alleging that Defendants Andrade and NAC Foundation, LLC ("NAC") violated the federal securities laws. An Indictment was also filed against Defendant Andrade on June 22, 2020 in the U.S. District Court for the Northern District of California. *See United States v. Rowland Marcus Andrade*, Case No. 3:20-cr-00249-RS ("Criminal Case"), ECF No. 1.

On January 21, 2021, pursuant to a stipulation by the parties (ECF No. 28), the Court in this case entered an Order that: (1) vacated all current deadlines and dates, including Defendants' Answer, the Parties Initial Disclosures, the Parties' Joint Case Management Statement, and the Case Management Conference; (2) stayed all proceedings, including discovery, until further order of the Court; and (3) required the Parties to file a request for a status hearing "within 30 days after resolution" of the Criminal Case. ECF No. 29.

On March 12, 2025, a jury in the Criminal Case found Defendant Andrade guilty of wire fraud and money laundering. Criminal Case ECF No. 615. The Court on July 31, 2025 sentenced Defendant Andrade to 84 months in custody and deferred a determination of restitution until September 16, 2025. Criminal Case ECF No. 719.

On August 15, 2025, the Court in this case granted a motion by counsel for Defendants NAC and Andrade to withdraw from their representation of Defendants. ECF No. 44. The Court conditioned its order "on Movants continuing to receive and forward to Defendants all documents served upon them in this action, unless and until Defendants appear[] through replacement counsel or pro se." *Id.*

The SEC believes it is appropriate to continue the stay entered at Docket No. 29 for a reasonable time while Defendants seek counsel. Indeed, as a business entity, NAC cannot proceed without counsel. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel.");

*Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC (BGS), 2017 WL 7362740, at *2 (S.D. Cal. Mar. 27, 2017) ("Main Streat Marketing, LLC is notified that if it fails to obtain new counsel and have counsel file a notice of appearance, it may be subject to default proceedings.")

In addition, the SEC believes it is appropriate to continue the stay for a reasonable time because any determination as to restitution in the Criminal Case may impact final settlement terms relating to the SEC's claims for disgorgement in this matter. Any settlement discussions will also be facilitated by the participation of defense counsel.

Accordingly, on August 21, 2025, counsel for the SEC sent to former counsel for Defendants a draft stipulation extending, for 30 days after the Court resolves restitution in the Criminal Case, the stay currently in place. On August 22, 2025, the SEC received the following response from Defendants' former counsel, Katherine Cooper:

> Mr. Andrade has directed me to send you the following communication which I am relaying to you verbatim in compliance with the Court's August 15, 2025 order in this matter granting my and my co-counsel's motion to withdraw as attorneys for Mr. Andrade and NAC Foundation: Alice, the request for a stay was made when I was still serving as Mr. Andrade's counsel. You responded the same day, indicating you would follow up. While awaiting your response, the Court acted on its own initiative, staying the case while granting my motion to withdraw. Mr. Andrade's position is that a stay is no longer necessary since the Court already stayed the case. The Court will surely address the matter once the cross-referenced issues are resolved. At that point, I will comply with the Court's directive and provide notice to Mr. Andrade until he either proceeds pro se or is represented by new counsel.

Following receipt of that message, the SEC continues to believe, for the reasons set forth above, that it is appropriate to continue the stay currently in place for a reasonable time. However, upon further consideration, the SEC believes a stay of 60 (rather than 30) days

following resolution of restitution is appropriate and has therefore respectfully submitted a proposed order to that effect.

Respectfully submitted,

DATED: August 27, 2025

/s/ Alice L. Jensen
ALICE L. JENSEN
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

**~~[PROPOSED]~~ ORDER**

For good cause shown, IT IS HEREBY ORDERED that the stay entered at ECF No. 29 is extended until 60 days after resolution of restitution in the District Court criminal proceeding in *United States v. Rowland Marcus Andrade*, Case No. 3:20-cr-249-RS. No later than that date, the parties shall file a request for a status hearing with the Court.

Date: September 5, 2025

The Honorable Richard Seeborg
United States District Judge