JASON H. LEE (Cal. Bar No. 253140)
leejh@sec.gov
JASON M. BUSSEY (Cal. Bar No. 227185)
busseyja@sec.gov
MICHELLE LO (NY Bar Reg. No. 4325163)
lomi@sec.gov
ALICE L. JENSEN (Cal. Bar No. 203327)
jensena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 700
San Francisco, CA 94104
(415) 705-2500

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NAC Foundation, LLC and ROWLAND MARCUS ANDRADE,<br><br>Defendants. | Case No. 3:20-cv-4188-RS<br><br>**JOINT STATUS REPORT, PARTIES' RESPECTIVE POSITIONS REGARDING SCHEDULING, AND [~~PROPOSED~~] ORDER**<br><br>Hon. Richard Seeborg |

Pursuant to the Court's April 14, 2026, order (ECF No. 55), Plaintiff, the United States Securities and Exchange Commission ("SEC"), and Defendants, Rowland Marcus Andrade ("Andrade") and NAC Foundation, LLC ("NAC"), submit the following status report.

**Parties' Joint Status Report**

The SEC filed its Complaint in this matter on June 25, 2020 (ECF No. 1) alleging that Andrade and NAC violated the federal securities laws. An Indictment was also filed against Defendant Andrade on June 22, 2020, in the U.S. District Court for the Northern District of California. *See United States v. Rowland Marcus Andrade*, Case No. 3:20-cr-00249-RS ("Criminal Case"), ECF No. 1.

On January 21, 2021, pursuant to a stipulation by the parties (ECF No. 28), the Court in this case entered an Order that: (1) vacated all current deadlines and dates, including for Defendants' Answer, the Parties' Initial Disclosures, the Parties' Joint Case Management Statement, and the Case Management Conference; (2) stayed all proceedings, including discovery, until further order of the Court; and (3) required the Parties to file a request for a status hearing "within 30 days after resolution" of the Criminal Case. ECF No. 29.

On March 12, 2025, a jury in the Criminal Case found Defendant Andrade guilty of wire fraud and money laundering. Criminal Case, ECF No. 615.

The Court on July 31, 2025, sentenced Defendant Andrade to 84 months in custody and deferred a determination of restitution until September 16, 2025. Criminal Case, ECF No. 719.

On September 5, 2025, the Court in this case ordered "that the stay entered at ECF No. 29 is extended until 60 days after resolution of restitution in the District Court criminal proceeding in *United States v. Rowland Marcus Andrade*, Case No. 3:20-cr-249-RS." ECF No. 47. The Court further ordered that "[n]o later than that date, the parties shall file a request for a status hearing with the Court." *Id.*

On September 16, 2025, the Court in the Criminal Case granted the government's request for a forfeiture money judgment in the amount of $8,374,609 as well as the

government's request for restitution in the amount of $2,203,920.29. Criminal Case, ECF No. 740.

On November 10, 2025, the parties stipulated to extend, until 60 days after the end of the government shutdown, the deadline to file a status report. ECF No. 49. Later that same day, Defendants filed a notice in which they withdrew "assent to the stipulation." ECF No. 50. Nevertheless, the Court on November 12 entered an order granting the previously stipulated 60-day extension. ECF No. 51.

On January 9, 2026, Defendant Andrade self-surrendered to the Bureau of Prisons.

On January 12, 2026, the parties stipulated to extend the stay for an additional 90 days to allow the SEC time to evaluate options to resolve this case. ECF. No. 52. The Court entered an order granting that relief on January 13, 2026. ECF No. 53.

On April 13, 2026, the parties filed a status report updating the Court on their efforts to resolve this case. Defense counsel reported difficulties communicating with Defendant Andrade in a privileged setting due to the latter's custodial status and requested that the stay be continued for an additional 90 days. The SEC did not object to this request, and the Court entered an order granting that relief on April 14, 2026. ECF No. 55.

The Court has extended the stay in this case three times, most recently on April 14, 2026, when it ordered the Parties to file an updated status report after "an additional 90 days." ECF No. 55. Since April 14, 2026, the Parties have continued to engage in settlement discussions but have been unable to resolve this case. The Parties' respective positions regarding further proceedings are set forth below.

**<u>Plaintiff's Position</u>**

The parties have been discussing a potential resolution to this case since January 2026. The SEC provided defense counsel with draft settlement papers in late March 2026, and it provided in June 2026 a revised set of settlement papers that reflected a change in Commission policy. While SEC appreciates that defense counsel has encountered difficulties communicating with Defendant Andrade in a privileged setting due to the latter's custodial status, this action has been pending since June 2020 and has now been stayed for more than

five years. The SEC remains willing to continue discussing a possible resolution of this case while this litigation moves forward.

The SEC thus respectfully requests that the Court lift the stay and enter the following schedule:

| **Event** | **Deadline** |
|---|---|
| Last Day to Answer Complaint | September 18, 2026 |
| Deadline to file ADR Certification | October 1, 2026 |
| Deadline to Meet and Confer re: Initial Disclosures, Early Settlement, ADR Process Selection, and Discovery Plan | October 1, 2026 |
| Deadline to make Initial Disclosures | October 15, 2026 |
| Deadline to file Joint Case Management Statement | October 15, 2026 |
| Initial Case Management Conference | 10:00 a.m., Thursday, October 22, 2026, via Zoom |

**<u>Defendants' Position</u>**

Defendants respectfully request that the Court extend the stay for an additional 90 days, to and including October 12, 2026, with an updated status report due no later than that date. Good cause supports this brief further extension.

As reported in the Parties' April 13, 2026 status report, defense counsel has encountered substantial and ongoing difficulties communicating with Defendant Andrade in a privileged setting as a result of his custodial status. After informal efforts to resolve those difficulties with the institution proved unsuccessful, Defendants initiated the Bureau of Prisons' Administrative Remedy Program, 28 C.F.R. Part 542, in June 2026. Completion of that administrative process is generally required before judicial assistance may be sought, and, based on the applicable regulatory timelines, Defendants anticipate that the process will

conclude within approximately 60 days, unless the Bureau of Prisons extends its response deadlines.

Meaningful attorney-client communication is essential at this juncture. On June 22, 2026, the SEC transmitted revised settlement documents for Defendants' consideration, reflecting a recent change in Commission settlement policy. Counsel cannot fully advise Defendant Andrade regarding those revised documents—or obtain informed direction concerning this litigation more generally, including the preparation of any responsive pleading—until confidential attorney-client communication is restored. Requiring Defendants to answer the Complaint and commence discovery while Defendant Andrade is effectively unable to consult confidentially with counsel would substantially prejudice Defendants.

A brief further stay would also serve judicial economy. Defendant Andrade's direct appeal from the judgment in the Criminal Case remains pending before the Ninth Circuit. This civil action arises from substantially the same conduct at issue in the Criminal Case, and the disposition of that appeal may materially affect the scope of the issues, defenses, and preclusion arguments in this action, as well as Fifth Amendment considerations that persist while the criminal matter remains pending on direct review.

The requested extension will not prejudice the SEC. This case has been stayed since January 2021—for most of that period at the Parties' joint request or with the SEC's consent—and substantial forfeiture and restitution orders have already been entered in the Criminal Case. Defendants remain committed to working toward a resolution and will keep the SEC and the Court apprised of significant developments.

In the alternative, should the Court decline to further extend the stay, Defendants respectfully propose that the Court enter the schedule set forth above by the SEC.

Respectfully submitted,

DATED: July 13, 2026

/s/ *Jason M. Bussey*
JASON M. BUSSEY
Counsel for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

DATED: July 13, 2026

/s/ *John M. Pierce*
JOHN M. PIERCE
Counsel for Defendants
NAC Foundation, LLC and
ROWLAND MARCUS ANDRADE

## E-FILING ATTESTATION

I, Jason M. Bussey, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

## ~~[PROPOSED]~~ ORDER

The Court, having considered the Parties' Joint Status Report and their respective positions regarding scheduling, ORDERS as follows:

☒ The stay entered at ECF No. 29, as previously extended, is EXTENDED for an additional 90 days, to and including October 12, 2026. No later than that date, the Parties shall file an updated status report with the Court; OR

☐ The stay is LIFTED, and the Court sets the following deadlines:

| **Event** | **Deadline** |
|---|---|
| Last Day to Answer Complaint | September 18, 2026 |
| Deadline to file ADR Certification | October 1, 2026 |
| Deadline to Meet and Confer re: Initial Disclosures, Early Settlement, ADR Process Selection, and Discovery Plan | October 1, 2026 |
| Deadline to make Initial Disclosures | October 15, 2026 |
| Deadline to file Joint Case Management Statement | October 15, 2026 |
| Initial Case Management Conference | 10:00 a.m., Thursday, October 22, 2026, via Zoom |

IT IS SO ORDERED.

Date: July 27, 2026

The Honorable Richard Seeborg
United States District Judge