JASON H. LEE (Cal. Bar No. 253140)
leejh@sec.gov
JASON M. BUSSEY (Cal. Bar No. 227185)
busseyja@sec.gov
MICHELLE LO (NY Bar Reg. No. 4325163)
lomi@sec.gov
ALICE L. JENSEN (Cal. Bar No. 203327)
jensena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 700
San Francisco, CA 94104
(415) 705-2500

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NAC Foundation, LLC and ROWLAND MARCUS ANDRADE,<br><br>Defendants. | Case No. 3:20-cv-4188-RS<br><br>**JOINT STATUS REPORT, PARTIES' RESPECTIVE POSITIONS REGARDING SCHEDULING, AND [PROPOSED] ORDER**<br><br>Hon. Richard Seeborg |

Pursuant to the Court's July 27, 2026, order (ECF No. 58), Plaintiff, the United States Securities and Exchange Commission ("SEC"), and Defendants, Rowland Marcus Andrade ("Andrade") and NAC Foundation, LLC ("NAC"), submit the following status report.

**Parties' Joint Status Report**

The SEC filed its Complaint in this matter on June 25, 2020 (ECF No. 1) alleging that Andrade and NAC violated the federal securities laws. Separately, the United States filed an indictment against Defendant Andrade on June 22, 2020, in the U.S. District Court for the Northern District of California. *See United States v. Rowland Marcus Andrade*, Case No. 3:20-cr-00249-RS ("Criminal Case"), Criminal Case ECF No. 1.

On January 21, 2021, pursuant to a stipulation by the parties (ECF No. 28), the Court in this case entered an Order that: (1) vacated all current deadlines and dates, including for Defendants' Answer, the Parties' Initial Disclosures, the Parties' Joint Case Management Statement, and the Case Management Conference; (2) stayed all proceedings, including discovery, until further order of the Court; and (3) required the Parties to file a request for a status hearing "within 30 days after resolution" of the Criminal Case. ECF No. 29.

On March 12, 2025, a jury in the Criminal Case found Defendant Andrade guilty of wire fraud and money laundering. Criminal Case, ECF No. 615.

In the Criminal Case, the Court on July 31, 2025, sentenced Defendant Andrade to 84 months in custody and deferred a determination of restitution until September 16, 2025. Criminal Case, ECF No. 719.

On September 5, 2025, the Court in this case ordered "that the stay entered at ECF No. 29 is extended until 60 days after resolution of restitution in the District Court criminal proceeding in *United States v. Rowland Marcus Andrade*, Case No. 3:20-cr-249-RS." ECF No. 47. The Court further ordered that "[n]o later than that date, the parties shall file a request for a status hearing with the Court." *Id.*

On September 16, 2025, the Court in the Criminal Case granted the government's request for a forfeiture money judgment in the amount of $8,374,609 as well as the government's request for restitution in the amount of $2,203,920.29. Criminal Case, ECF No. 740.

On November 10, 2025, the parties in this case stipulated to extend, until 60 days after the end of the government shutdown, the deadline to file a status report. ECF No. 49. Later that same day, Defendants filed a notice in which they withdrew "assent to the stipulation." ECF No. 50. Nevertheless, the Court on November 12 entered an order granting the previously stipulated 60-day extension. ECF No. 51.

On January 9, 2026, Defendant Andrade self-surrendered to the Bureau of Prisons.

On January 12, 2026, the parties stipulated to extend the stay for an additional 90 days to allow the SEC time to evaluate options to resolve this case. ECF. No. 52. The Court entered an order granting that relief on January 13, 2026. ECF No. 53.

On April 13, 2026, the parties filed a status report updating the Court on their efforts to resolve this case. Defense counsel reported difficulties communicating with Defendant Andrade in a privileged setting due to the latter's custodial status and requested that the stay be continued for an additional 90 days. The SEC did not object to this request, and the Court entered an order granting that relief on April 14, 2026. ECF No. 55.

On July 13, 2026, the parties submitted an updated status report setting forth their respective proposals for further proceedings in this case. ECF No. 56. Given the length of time this action had been stayed, the SEC requested that the Court lift the stay and enter a case schedule, during which time the parties could continue exploring the possibility of settlement. Defense counsel reported ongoing difficulties communicating with Defendant Andrade in a privileged setting due to the latter's custodial status and requested that the stay be continued. On July 27, 2026, the Court entered an order extending the stay for an additional 90 days, to and including October 12, 2026. ECF No. 58.

On October 2, 2026, Defendant Andrade filed a Motion for Disqualification of the Honorable Richard Seeborg Pursuant to 28 U.S.C. §§ 144 and 455 and Civil Local Rule 3-14. ECF No. 61. The SEC intends to oppose Defendant Andrade's motion. On October 7, 2026, this Court issued an order referring Defendant Andrade's motion to the Clerk of the Court for reassignment to another judge pursuant to Civil Local Rule 3-14. ECF No. 62. The motion remains pending.

The Parties' respective positions regarding further proceedings are set forth below.

**Plaintiff's Position**

After initially entering a stay on January 21, 2021, the Court has since extended the stay five times, most recently on July 27, 2026. ECF No. 58. While SEC appreciates that defense counsel reports difficulties communicating with Defendant Andrade in a privileged setting due to the latter's custodial status, this action has been pending since June 2020 and has now been stayed for over five years. The SEC believes that its interest in proceeding expeditiously with this litigation and the efficient use of judicial resources do not favor further extension of the stay at this juncture, more than one-and-a-half years after Defendant Andrade was convicted and more than one year after he was sentenced and the Court decided the amount of criminal restitution he owed.

The SEC thus respectfully requests that the Court lift the stay and enter the following schedule:

| Event | Deadline |
|---|---|
| Last Day to Answer Complaint | December 24, 2026 |
| Deadline to file ADR Certification | January 7, 2027 |
| Deadline to Meet and Confer re: Initial Disclosures, Early Settlement, ADR Process Selection, and Discovery Plan | January 7, 2027 |
| Deadline to make Initial Disclosures | January 21, 2027 |
| Deadline to file Joint Case Management Statement | January 21, 2027 |
| Initial Case Management Conference | 10:00 a.m., Thursday, February 4, 2027, via Zoom |

**Defendants' Position**

Defendants respectfully request that the Court extend the stay for an additional six

months, to and including April 12, 2027, with an updated status report due on that date, and that the Court not enter a case schedule in the interim.

Defendant Andrade's custodial circumstances have changed materially since the Parties' last report. On October 9, 2026, without advance notice, the Bureau of Prisons removed Mr. Andrade from FMC Fort Worth. He was separated from his personal property, including his legal papers relating to his pending litigation and to his administrative request described below. Counsel understands that Mr. Andrade is now being held at a Bureau of Prisons transit facility in Oklahoma, and that he is expected to remain in transit status, passing through at least one additional transit facility, for at least the next two months, after which he is expected to be moved back to the west coast. While in transit, he has no access to a law library and no means of placing an unmonitored call to counsel. Defense counsel does not know when he will next be able to speak with his client.

This transfer compounds the communication difficulties defense counsel has reported to the Court since April 2026. Mr. Andrade's administrative request to the Bureau of Prisons for a means of privileged attorney-client communication remains unresolved, and his papers relating to that request were taken from him in the transfer.

Defendants cannot responsibly answer the Complaint, meaningfully confer with Mr. Andrade regarding resolution of this case, or participate in case-management planning without the ability to consult with him. The SEC's proposed schedule would require Defendants to answer within weeks of the date Mr. Andrade is expected to complete his transit, before counsel can expect to have re-established privileged communication with him.

Further, Defendant Andrade's motion to disqualify (ECF No. 61) has been referred for reassignment under Civil Local Rule 3-14 and remains pending. Its resolution will determine which judge presides over further proceedings, including the setting of any case schedule. At a minimum, no case schedule should be entered until the motion is decided, which avoids the prospect of revisiting scheduling orders entered in the interim.

Any prejudice to the SEC from the requested extension is minimal. Defendant Andrade is in custody, and the criminal judgment, including the forfeiture money judgment and restitution

order, has been entered. A defined further stay with a date-certain status report, to allow defense counsel to re-establish contact with Mr. Andrade and to allow the disqualification motion to be resolved, will not impair the SEC's ability to obtain relief in this action.

In the alternative, should the Court decline to further extend the stay, Defendants respectfully propose the following schedule, which accounts for the period during which Mr. Andrade is expected to be in transit and allows time for counsel to re-establish privileged communication with him:

| **Event** | **Deadline** |
|---|---|
| Last Day to Answer Complaint | March 31, 2027 |
| Deadline to file ADR Certification | April 14, 2027 |
| Deadline to Meet and Confer re: Initial Disclosures, Early Settlement, ADR Process Selection, and Discovery Plan | April 14, 2027 |
| Deadline to make Initial Disclosures | April 28, 2027 |
| Deadline to file Joint Case Management Statement | April 28, 2027 |
| Initial Case Management Conference | 10:00 a.m., Thursday, May 6, 2027, via Zoom |

Respectfully submitted,

DATED: October 12, 2026

/s/ *Michelle Lo*
MICHELLE LO

Counsel for Plaintiff
Securities and Exchange Commission

DATED: October 12, 2026

/s/ *John M. Pierce*
JOHN M. PIERCE
CHARLES C. MORGAN

Counsel for Defendants
NAC Foundation, LLC and
Rowland Marcus Andrade

**E-FILING ATTESTATION**

I, Michelle Lo, am the ECF user whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

**[PROPOSED] ORDER**

The Court, having considered the Parties' Joint Status Report and their respective positions regarding scheduling, ORDERS as follows:

☐ The stay entered at ECF No. 29, as previously extended, is EXTENDED for an additional six months, to and including April 12, 2027. No later than that date, the Parties shall file an updated status report with the Court; OR

☐ The stay is LIFTED, and the Court sets the following case schedule:

| **Event** | **Deadline** |
|---|---|
| Last Day to Answer Complaint | December 24, 2026 |
| Deadline to file ADR Certification | January 7, 2027 |
| Deadline to Meet and Confer re: Initial Disclosures, Early Settlement, ADR Process Selection, and Discovery Plan | January 7, 2027 |
| Deadline to make Initial Disclosures | January 21, 2027 |
| Deadline to file Joint Case Management Statement | January 21, 2027 |
| Initial Case Management Conference | 10:00 a.m., Thursday, February 4, 2027, via Zoom |

IT IS SO ORDERED.

Date: ____________________

______________________________
Hon. Richard Seeborg
United States District Judge