Charles C. Morgan (*pro hac vice*)
ccmlegalfirm@yahoo.com
CHARLES C. MORGAN LEGAL PRACTICE, LLC
4151 Pelicans Nest Drive
Bonita Springs, FL 34134
Tel. 609-636-0544

Attorney for Defendant
ROWLAND MARCUS ANDRADE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>NAC FOUNDATION, LLC and ROWLAND MARCUS ANDRADE,<br><br>Defendants. | Case No. 3:20-cv-04188-RS<br><br>**DEFENDANT ROWLAND MARCUS ANDRADE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REPLY OF UP TO 22 PAGES IN SUPPORT OF MOTION FOR DISQUALIFICATION (ECF No. 61) [Civil L.R. 7-4(b), 7-11]**<br><br>Judge: Hon. William H. Orrick |

## ADMINISTRATIVE MOTION

Pursuant to Civil Local Rules 7-4(b) and 7-11, Defendant Rowland Marcus Andrade respectfully moves for leave to file a reply in support of his Motion for Disqualification (ECF No. 61) of up to 22 pages of text, seven pages more than the 15 pages permitted by Civil L.R. 7-4(b). This motion is filed on the reply's due date of October 28, 2026.

## GROUNDS

1. The SEC's opposition (ECF No. 65) raises record-based arguments that require record-based answers. It relies on the criminal docket in *United States v. Andrade*, No. 3:20-cr-00249-RS, which spans more than 800 entries, for at least four distinct propositions. First, it argues that a quotation in the motion does not appear in the cited transcript. Second, it adopts the March 11,

2026 order's list of Defendant's post-sentencing filings to argue that those filings were "rehash." Third, it offers its own account of the 2022–2025 related-case reassignments. Fourth, it argues that the motion is untimely based on the history of the stay and Defendant's appellate filings. ECF No. 65 at 7–12.

2. Answering those points accurately requires citing what the underlying filings, orders, and transcripts actually say. Several of the relevant materials are classified-information submissions, sealed or ex parte filings, and audio exhibits that cannot be summarized in a sentence. The reply also corrects the record where the SEC is right, including withdrawing certain characterizations in the motion and noting the Notice of Errata already filed at ECF No. 64. Defendant believes candor to the Court requires those corrections to be made in full.

3. The motion is brought under both 28 U.S.C. § 144 and § 455(a). Under § 144, the facts in the affidavit must be accepted as true, *Berger v. United States*, 255 U.S. 22, 36 (1921), and the reply must show where those facts appear in the record so that the Court can evaluate sufficiency. Under § 455(a), the question is how the record would appear to a well-informed observer, which likewise depends on what the record contains.

4. Defendant has made substantial efforts to condense the reply. The proposed reply does not repeat the arguments made in the motion, and it presents record citations in summary form wherever possible. Seven additional pages are the minimum Defendant believes are necessary to respond fairly to the opposition.

5. No party will be prejudiced. The motion is decided on the papers, and no schedule, discovery, or merits ruling has been set in this action. The additional pages will assist the Court by placing the relevant record in one place.

6. Counsel for Defendant asked counsel for the SEC on October 27 whether the SEC would stipulate to this request. The SEC stated that it declines to stipulate to this request but will not be filing a written opposition to this motion for leave to file excess pages. See Declaration of Charles C. Morgan in Support of Administrative Motion ¶¶ 2–3.

For these reasons, Defendant respectfully requests that the Court grant leave to file a reply of up to 22 pages of text. The proposed Replay and a proposed order are submitted herewith.

Dated: October 28, 2026

CHARLES C. MORGAN LEGAL PRACTICE, LLC

/s/ Charles C. Morgan
Charles C. Morgan
Attorney for Defendant ROWLAND MARCUS ANDRADE