JASON H. LEE (Cal. Bar No. 253140)
leejh@sec.gov
JASON M. BUSSEY (Cal. Bar No. 227185)
busseyja@sec.gov
MICHELLE LO (NY Bar Reg. No. 4325163)
lomi@sec.gov
ALICE L. JENSEN (Cal. Bar No. 203327)
jensena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 700
San Francisco, CA 94104
(415) 705-2500

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NAC Foundation, LLC and ROWLAND MARCUS ANDRADE,<br><br>Defendants. | Case No. 3:20-cv-4188-RS<br><br>**SEC'S OPPOSITION TO DEFENDANT ANDRADE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE REPLY OF UP TO 22 PAGES**<br><br>Hon. William H. Orrick<br>Hearing: None requested. |

Defendant Rowland Marcus Andrade seeks leave to file an oversized reply brief of 21 pages, claiming that excess pages are necessary to respond to the "record-based arguments" in the Securities and Exchange Commission's (SEC's) 12-page opposition (ECF No. 65) to his motion to disqualify Judge Seeborg. Admin. Mot. (ECF No. 68).[1] Andrade asserts that "[a]nswering those points accurately requires citing what the underlying filings, orders, and transcripts actually say," *id.* at 1-2, but all the docket entries in *United States v. Andrade*, No. 3:20-cr-00249-RS that Andrade now cites were available to him before he filed his motion to disqualify. The Court

[1] As Andrade noted, the SEC declined to stipulate to Andrade's motion for leave to file a reply of up to 22 pages but stated that it would not be filing a written opposition to the administrative motion. *See* Admin. Mot. (ECF No. 68) at 3 (citing Morgan Decl. ¶¶ 2-3). The SEC's position was based upon undersigned counsel's review of a draft administrative motion that differed from the administrative motion that Andrade filed.

should deny Andrade's belated attempt to revise some arguments and make others for the first time.

A cursory review of Andrade's proposed 21-page reply shows that Andrade seeks to raise a host of new arguments that he could have made when he filed his opening brief and affidavit, including arguments based on:

- Judge Seeborg's statements at sentencing, *see* Proposed Reply (ECF No. 68-5) at 3-4;
- the Court's written order denying a new trial, *see id.* at 4-5;
- "technology evidence" that Andrade seeks to contest in this case, *see id.* at 5-6; and
- extensive development of Jack Abramoff-related claims and the preclusive effect of the jury's guilty verdict and criminal judgment against Andrade, *see id.* 6-15.

Contrary to Andrade's claim that "[n]o party will be prejudiced" by permitting the oversized reply, the SEC will be prejudiced because it did not have an opportunity to respond to any of these arguments raised for the first time in the proposed reply.

The Court should therefore deny Andrade's administrative motion. Alternatively, if the Court grants the administrative motion, it should disregard arguments raised by Andrade for the first time on reply or afford the SEC an opportunity to file a sur-reply of up to five pages. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in a . . . reply brief are generally deemed waived."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

DATED: October 30, 2026

Respectfully Submitted,

/s/ *Michelle Lo*
MICHELLE LO
Counsel for Plaintiff
U.S. Securities and Exchange Commission