JASON H. LEE (Cal. Bar No. 253140)
leejh@sec.gov
JASON M. BUSSEY (Cal. Bar No. 227185)
busseyja@sec.gov
MICHELLE LO (NY Bar Reg. No. 4325163)
lomi@sec.gov
ALICE L. JENSEN (Cal. Bar No. 203327)
jensena@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 700
San Francisco, CA 94104
(415) 705-2500

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

NAC Foundation, LLC and ROWLAND MARCUS ANDRADE,

Defendants.

Case No. 3:20-cv-4188-RS

**SEC'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT ANDRADE'S MOTION FOR DISQUALIFICATION OF THE HON. RICHARD SEEBORG**

Hon. William H. Orrick
Hearing: None requested.

## I. Introduction

Defendant Rowland Marcus Andrade's 21-page reply brief raises a host of new arguments that could have been, but were not, made when he filed his opening brief and affidavit. Andrade initially argued that "Judge Seeborg has a personal bias against me and in favor of the Government, and that his impartiality in this action may reasonably be questioned." *See* Affidavit of Rowland Marcus Andrade (ECF No. 61-3) ¶ 46(a)-(g). Yet Andrade now posits that recusal is warranted because the Securities and Exchange Commission's (SEC's) case will not be decided "afresh" in light of Judge Seeborg's statements at sentencing, *see* Reply (ECF No. 68-5) at 3-4, his written order denying a new trial, *see id.* at 4-5, his rulings on the "technology evidence" that Andrade seeks to contest in this case, *see id.* at 5-6, and his rulings on Jack Abramoff-related evidence, *see id.* at 6-15. Andrade's new arguments should be deemed waived. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in a . . . reply brief are generally deemed waived."); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Even were the Court to consider Andrade's new arguments, they further confirm that Andrade's charges of bias are based upon his dissatisfaction with Judge Seeborg's rulings and findings. Indeed, if accepted, Andrade's arguments would almost always require recusal of a judge who presided over a parallel criminal matter. To impose a sentence or resolve post-trial motions, a judge must make findings about the nature of the offense and the strength of the evidence. If that were enough—and Andrade certainly identifies no "deep-seated and unequivocal antagonism that would render fair judgment impossible," *Liteky v. United States*, 510 U.S. 540, 556 (1994)—disqualification would be the rule rather than the exception. Andrade's reply also reflects his apparent—and incorrect—view that he is entitled to have overlapping evidence weighed "afresh" here. This case does *not* "require adjudication of the same disputed facts" because jury already resolved those facts against Andrade.

Because Andrade fails to set forth any evidence from which a well-informed observer would conclude that Judge Seeborg's impartiality in this action might reasonably be questioned, the Court should deny his motion to disqualify.

## II. Andrade Cannot Clear The High Threshold Necessary To Show Bias Based On Judge Seeborg's Discovery Rulings And Remarks Following Jury Conviction

Citing to *King v. U.S. District Court*, 16 F.3d 992 (9th Cir. 1994), Andrade reframes his bias argument as grounded in Judge Seeborg's discovery rulings and post-verdict remarks in his criminal case, which he claims present "a significant risk that conclusions already announced would be applied without a fresh hearing on a civil record." *See* Def.'s Reply at 1-3. The portion of *King* upon which Andrade relies is Judge Reinhardt's *concurrence*, which is, of course, not controlling. More to the point, the concurrence in *King* viewed the question of recusal based on the district judge's statements in an earlier criminal proceeding as a "close one" because "although King was a witness at that trial, he was not a party and did not have the opportunity to obtain discovery, cross-examine witnesses or put on the affirmative case he might have thought most advantageous." *King*, 16 F.3d at 994. Unlike the petitioner in *King*, Andrade was the defendant in his criminal case and had the opportunity to obtain discovery, cross-examine witnesses, and present his defense to the jury. This difference is critical. As explained below, because Andrade already fully and finally litigated overlapping issues, and lost, he cannot demand "a fresh hearing on a civil record." *See* Def.'s Reply at 2, 6.

Andrade next argues that "[t]he rule the SEC invokes, that rulings in the same proceeding are grounds for appeal . . . has less force when the question is whether a judge who has announced firm views on a disputed fact should be the factfinder on that fact in a second proceeding in which the evidence has never been heard." *See* Def.'s Reply at 2. *Liteky*, which the Supreme Court decided after *King*, forecloses this argument. There, the Court explained the high showing needed for recusal based on opinions formed in the same *or* an earlier proceeding:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (emphasis original and added); *see United States v. Medoff*, 159 F.4th 107, 122 (1st Cir. 2025) (describing as "formidable" the showing that a party must make to prevail on an argument that a court's ruling and comments in earlier proceedings required recusal under section 455(a)).

Similar to Andrade's motion, *Liteky* concerned a motion brought under 28 U.S.C. § 455(a) by three petitioners seeking to disqualify the district court judge in their trial for willful destruction of federal property based on events in an earlier trial involving one of the petitioners before the same district judge. *Liteky*, 510 U.S. at 542. The Supreme Court observed that "[t]he judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant," but noted that "the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task." *Id.* at 550-51. Along these lines, the Supreme Court explained that "not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings" because "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id.* at 551. This District's local rules, which require assignment of related cases to a single judge, embody that practice. *See* Civ. L.R. 3-12 ("Related Cases"); Crim. L.R. 8-1 ("Notice of Related Case in a Criminal Action").

The *Liteky* principle applies with full force here. Andrade does not contend that Judge Seeborg expressed any opinions derived from an extrajudicial source. Instead, Andrade relies upon remarks that Judge Seeborg made at sentencing and at the post-trial motion hearing, which he contends reflect "the Court's own findings, stated in the first person," and Judge Seeborg's ruling denying Andrade's motion for a new trial, which "map[] onto a contested question in this action." *See* Def.'s Reply at 3-5. But, at sentencing, 18 U.S.C. § 3553(a) required Judge Seeborg to consider (among other things) the "nature and circumstances of the offense." Similarly, to resolve post-trial motions, the Court had to assess whether "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. If Judge Seeborg's unremarkable application of these

standards required disqualification, that would be the result in almost every case where a judge expressed opinions properly acquired in the course of judicial proceedings and or necessary to completion of the judge's task. That is not the law. *See Liteky*, 510 U.S. at 555; *see also Medoff*, 159 F.4th at 125 (denying recusal of judge presiding over criminal contempt hearing where defendant argued that "the district court's status as 'the party aggrieved' by [defendant's] violation of its 2016 consent judgment rendered it insufficiently detached to maintain impartiality"); *United States v. Andrews*, No. 1:22-CR-20114-2, 2023 WL 7323202, at *4 (E.D. Mich. Nov. 7, 2023) (rejecting defendant's argument that prior court findings and conclusions "provide proof that the issues in dispute have already been prejudged" because "none of these 'findings' or 'conclusions' show 'deep-seated . . . antagonism that would make fair judgement impossible").

Andrade's reliance on discovery rulings pertaining to "technology evidence" that he seeks to contest in this case, *see id.* at 5-6, and his lengthy arguments relating to Jack Abramoff, *see id.* at 6-15, fare no better. At most, they show that Andrade disagrees with some of the Court's rulings and findings, which is insufficient to support a claim of bias. They are, as Andrade concedes, issues for appeal. *See id.* at 15 ("Defendant does not ask this Court to decide whether those rulings were correct; the Ninth Circuit will."). Indeed, Andrade has indicated that his arguments relating to Jack Abramoff will be a central part of his appeal. *See Andrade v. United States*, No. 25-5095 (9th Cir.), Dkt. No. 64. None of Andrade's record citations reveal anything close to the degree of favoritism or antagonism on the part of Judge Seeborg that would make fair judgment impossible in this case. On the contrary, Judge Seeborg's rulings, taken as a whole, reflect just the opposite. For example, at sentencing, Judge Seeborg stated that "Mr. Andrade's insistence that he sincerely thought he had technology that might someday work, I don't dispute." *See* Criminal Case, ECF No. 733, Tr. at 56:9-14. And, ultimately, Judge Seeborg found that "a downward variance is warranted" and imposed an 84-month custodial term instead of the much longer 210-month term that the Government sought. *See id.*, ECF No. 733, Tr. at 57:2; *id.*, ECF No. 709.

As a final matter, Andrade acknowledges that "[t]his civil action will require adjudication of the same disputed facts the Court has already resolved in the related criminal case: what investors were told, who made the statements, and whether Defendant knew they were false." *See* Def.'s Reply at 1. Although Andrade argues that "a reasonable observer would perceive a significant risk that conclusions already announced would be applied without a fresh hearing on a civil record," *see id.* at 2, the doctrine of collateral estoppel prevents the relitigation of issues that have already been decided, provided that the previous judgment was based on the same underlying conduct. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979).

Courts have held that "'a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case'" because the government's burden of proof in the criminal context is greater than in the civil context. *SEC v. Reyes*, No. C-06-04435, 2008 WL 3916247, at *2 (N.D. Cal. Aug. 25, 2008) (quoting *United States v. Podell*, 572 F.2d 31, 35 (2d Cir. 1978)); *see also Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568–69 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding."). Andrade's arguments that evidence in this civil case must be weighed "afresh" and that he is entitled to a "fresh hearing on a civil record," *see* Def.'s Reply at 5, 6, fundamentally misapprehend this rule.

**III. Conclusion**

For the reasons explained above and in the SEC's opposition, ECF No. 65, the SEC respectfully requests that the Court deny Andrade's motion to disqualify under 28 U.S.C. § 144 and 28 U.S.C. § 455.

DATED: November 10, 2026

Respectfully Submitted,

/s/ *Michelle Lo*
MICHELLE LO
Counsel for Plaintiff
U.S. Securities and Exchange Commission